IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHRIS GARNER,                              §
TDCJ-CID NO.716389,                        §
         Petitioner,              §
v.                                         §          CIVIL ACTION NO. H-06-3699
                                           §
NATHANIEL QUARTERMAN,                      §
        Respondent.              §

OPINION ON DISMISSAL

Petitioner Chris Garner, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a disciplinary proceeding that resulted in the loss of commissary privileges, cell restriction, and solitary confinement.  (Docket Entry No.1).  Petitioner contends he was denied due process of law because he was not allowed to call witnesses at the disciplinary hearing.  (Docket Entry No.1).  Petitioner also complains that he was locked up for retaliatory reasons and was subsequently charged with threatening an officer in retaliation for complaining about the officer's misconduct.  (*Id.*).

DISCUSSION

Habeas Claim

Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest.  *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001).  In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory

supervision will impose upon a liberty interest.  *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Petitioner indicates that he is not eligible for mandatory supervision and he did not lose good conduct credit as a result of the disciplinary conviction.  The changes in petitioner's confinement from the disciplinary conviction, *i.e.*, the loss of commissary privileges, cell restriction, and solitary confinement, do not impinge upon a liberty interest and therefore, do not implicate the Due Process Clause.  *See Malchi*, 211 F.3d at 959 (right to particular time-earning status); *Madison*, 104 F.3d at 768 (loss of commissary privileges and cell restriction); *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (confinement in administrative segregation).  Because none of the disciplinary sanctions imposed in this case deprive petitioner of a protected liberty interest, his claims do not implicate due process concerns.

Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief.  *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  Because petitioner's habeas petition does not present a cognizable basis for habeas relief, the Court will dismiss this habeas claim.

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner

"must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth in the Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right, and so a certificate of appealability from this decision will be denied.

<u>Civil Rights Claim</u>

Petitioner's retaliation claim concerns a condition of his confinement and is more appropriately brought in a civil rights complaint pursuant to 42 U.S.C. § 1983. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (noting that if a "favorable determination" would not automatically entitle the prisoner to an accelerated release, the proper vehicle is a § 1983 suit). Because this claim does not sound in habeas, the Court ORDERS petitioner's civil rights claim be SEVERED from *Garner v. Quarterman*, Civil Action No. H:06cv3799, and separately docketed under its own cause number.  *See* FED. R. CIV. PROC. 21.  The Clerk shall place a copy of the pleading (Docket Entry No.1) in the new file and assign the case to the undersigned judge.  The Clerk is further ORDERED to place a copy of this Order in the new file for petitioner's civil rights suit.

Petitioner is ORDERED to file an amended civil rights complaint using the attached forms and to submit a filing fee of $350.00[1] within thirty (30) days of the entry of this Order.  Failure to comply timely may result in dismissal of this suit for want of prosecution.

CONCLUSION

Accordingly, the Court ORDERS the following:

1.  Petitioner's civil rights claim is SEVERED from the present habeas action and separately docketed under its own cause number.  The Clerk shall place a copy of the pleading (Docket Entry No.1) in the new file and assign the case to the undersigned judge.

2.  Petitioner is ORDERED to file an amended civil rights complaint using the attached forms and to submit a filing fee of $350.00 within thirty (30) days of entry of this Order.

3.  Petitioner's habeas action is DISMISSED, with prejudice.  A certificate of appealability is DENIED.

Signed at Houston, Texas, on this 8th day of January, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[1]   Garner's litigation history reflects that he is barred from filing a civil action *in forma pauperis* because on three or more prior occasions, while incarcerated, he brought an action that was dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(g).  *See Garner v. Collier*, Civil Action No.A-02cv492 (W.D. Tex. Dec. 9, 2002); *Garner v. Doe*, No. 02-21092 (5th Cir. 2003); *Garner v. Doe*, Civil Action No.H-02cv2968 (S.D. Tex. Sept. 4, 2002).  Garner's pleadings do not reflect that he is immediate danger of serious harm; therefore, the exception noted in *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) is inapplicable.